Judge Underwood,
delivered the opinion of the court.
Two patents issued under the authority of the commonwealth of Virginia, one for one thoiv? sand acres to John Mellon, dated 5th May, 1786, the other for four hundred acres to Clmries Gatliff. dated 19th May, 1785. The tract for one thousand acres was about twice as long as wide. The tract for four hundred acres, lay across the one thousand acres in such manner, that a line, dividing the large tract into two equal parts, by running across it at right angles, to •file longest or side lines, would he altogether included by the smaller tract A line dividing {he large tract as above, would likewise divide so much of the small tract as lay within the larger, into two parcels, of not very unequal quantities. There are forty five acres, three rood and nineteen poles of the four hundred acres, lying without the boundary of the one thousand acres.
Benjamin Berry and Elijah Melton, as attorneys in fact for John Mellon, undertook to convey the whole tract of one thousand acres to John Haggin, but did not do it eflectually, as was decided by this court between these parlies. V Monroe, 566.
Haggin, supposing that be had the legal title to the one thousand acres, under the deed from Berry and B. Melton to him,convened five hundred acres, 1 hereof to E. Melton, and the remaining live hundred to the defendants in error. The deed executed by Haggin to *649 the defendants in error, bears dhte the 3rd of July, 1797, and the deed to E. Melton, bears,date the 20th September, 1797. Haggin seems to have made these deeds under the belief, that the one thousand acre tract contained no surplus, and he'undertook by his deeds to dispose of the entire tract, by dividing it; the division line to run at right angles to the longest, or side lines of the survey. With this view, he made the deed to the defendants in error, giving the distances and calling for stakes as corners on the side lines. In the same manner the deed was made to E. Melton.
The deed to the defendants in error, although first executed, in calling for the stake corners on the side line, and which were to be the division corners of the tract, calls for them as the corners of the land of É. Melton. Now it is ascertained that there is a surplus in the one thousand acre tract, and that to run the lines from the corners of the original tract, according to the distances given in the deeds, they will not meet at the same stake corners on the side lines; but will leave a space between twenty and twenty five poles wide, extending entirely across the one thousand acre tract, making the surplus about forty acres. The defendants in error claim the right to extend the distances of their deed, .•so as .to take in a portion of this surplus, whilst Res-pass, claiming under the deed to E. Melton, contends that the whole surplus is his. It seems that the par-lies entered upon, and took possession of the land un-s dor thegrantto Melton; but finding that Gatlilf’s patent was eldest, they purchased his claim, in order to quiet ¿heir title, and with the intent to hold the land common -to the two grants, according to their deeds from Hag-gin. As to so much of the claim of Gatliff, as lay with-•.o.ui the bounds of Melton’s ,one thousand acres, it seems they were joint tenants, without any understanding or agreement how it should be divided. The defendants in error filed their bill for partition. The circuit court divided the surplus, contained in the one thousand acre tract, giving to the defendants in error as much more than half, as five hundred exceeds, in proportion, three hundred and fifty.
Whether the circuit court erred in .thus dividing the surplus, constitutes tbs only question worthy of attention in the .cause. If the .complainants below are en *650 titled to any of the surplus, we cannot admit that the} wore authorized to claim in the proportion, that five hundred, the number of acres mentioned in their deed from liaggin, bears to three hundred and fifty,'the number of acres mentioned in the deed from E. Melton to Respass. E. Melton conveys to Respass all the land to winch he was entitled, up to the division line between said Mellon and Farmers, so that in .order to sustain the decree, which allows Respass less than half the surplus, it must be shewn that his vendor, -E. Melton, could not rightfully claim as much as half the surplus, but was restricted in the same manner that Res-pass has been. In respect to the surplus, Respass stands in the shoes of Melton precisely. It does not appear to us5 that E. Melton can be limited in his claim to the surplus, to less than one half, if he be entitled to any.
The deed to the defendants in error, which was first executed, gave toe distances to the stake corners, and called for them, as E. Milton’s corners. The distances to the stake corners were given in the deed to E. Melton; but in this deed, the stakes are not balled for as corners to the land previously conveyed to the defendants in error. If the distances in each deed were to'control, then the surplus would be included by neither, if the land was surveyed, and the stake corners actually planted before the deeds "were made, then there could have been no doubt that the places thus designated for the corners should govern. But there is no evidence that this .was done. As the original tract was gi.ant,ed by the Commonwealth for one thousand acres, and as liaggin conveyed five hundred acres inore or less to E. Mellon, and five hundred acres more or less to the defendants in error, and in fixing the distances at the terminations of which the stake con-ere were to be placed on the long lines of the survey, shewed that the part of each of these Jong lines allowed as the boundary of Melton s five hundred acres, when added ¡o ¡he parts of the same lines allowed as the boundary of the five hundred acres conveyed to-the defendants hi error, made up the patent length of •these lines, or very nearly so, we cannot doubt that it was Ilaggin’s intension to fix the stake corners, 'as the common division boundary between his vendees^ with a vi'-.w to give half'■ he one thousand acres tract •fe> each', and therefore, we are of opinion, that the susr *651 plus should have been equally divided. See Smith, &c. vs. Prewitt, II Marshall, 155.
Mills and Brown, for.plaintiffs; Talbot, for defendants.
4 The court had jurisdiction of the whole controversy. The jurisdiction was unquestionable, so far as it regarded a partition of so much of the Gatliff tract, not included by the patent to Melton, and this authorzed the court to settle the entire dispute between the parties. .
Decree reversed with costs*, and cause remanded for proceeding in conformity to this opinion.